Frost, J.
delivered the opinion of the court.
The principal cannot object to the claim of his surety to be repaid the loss he has incurred by the default of the principal, because the surety did not appear to the sci.fa. and take advantage of the technical objection to the recognizance, of which it does not appear that he was informed, and it is most probable he was not. The neglect of the magistrate to certify the recognizance, even if the defendant had been informed of the legal requirement, was a fact which he could only have discovered by an application to the clerk to inspect the recognizance. The recognizance was estreated against the principal also; and he cannot require that the surety should be held to greater diligence than he has used himself. It is the duty of the principal to defend the surety from damage, by performing his obligation, or by shewing sufficient matter m excuse. If he permits judgment by default, that is an admission, of record, that he had no excuse for non-performance; and if he did not take the technichal objection which, if valid, would have discharged both, he cannot allege, in his defence, that the surety was guilty of negligence, in not having taken it.
The second ground of non-suit excepts the surety, in a recognizance, from the general rule that the principal shall refund to his surety any payment he may have been compelled to make in consequence of the default of the principal.— Bail, in a civil action, have this claim for indemnity. The legal obligation of a surety in a recognizance is, in effect, the same as that of bail in a civil action, that the principal shall appear and abide by the judgment of the Court. The *89 diversity of the judgments does, in some respects, vary their liability; but the surety to a recognizance is recognized, in law, as bail — having the same power over the principal, and liable for the same default. In Highmore on Bail, 204, it is affirmed, on his mere authority, without the sanction of a case in support of the dictum, that the principal in a recognizance is not liable to the bail for the expense which the bail may incur on his account.
Petersdoff, in his treatise on Bail, 517, referring to this dictum of Highmore, says it is now well settled that the bail may recover the expenses he has incurred incidental to his engagement. No practical mischief can result from allowing bail in a recognizance the same indemnity which is allowed to bail in civil cases; and no case has been found in which any distinction is made, in this respect, between them.
The motion is granted.
O’Neall, J. Evans, J. and Withers, J. concurred.

Motion granted.